IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTIN STEVENS<br>37 Wright St.<br>Penns Grove, NJ 08069 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | : | DOCKET NO.: |
| v. | :<br>: | |
| BANCROFT REHABILITATION SERVICES<br>d/b/a BANCROFT<br>1255 Caldwell Rd.<br>Cherry Hill, NJ 08034 | :<br>:<br>:<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Martin Stevens (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Bancroft Rehabilitation Services d/b/a Bancroft (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq*.) and the New Jersey Law Against Discrimination. Plaintiff asserts, *inter alia*, that he was discriminated and retaliated against and unlawfully terminated by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-

law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the District of New Jersey.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a non-profit entity with thousands of employees primarily providing health or education services to those with mental-health related problems or disabilities and has a location at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is an adult gay male.

12. Plaintiff was hired effective on or about March 21, 2016 and was employed as a Program Manager.

13. In total, Plaintiff worked for Defendant for approximately 5.5 years until being unlawfully terminated effective on or about November 17, 2021.

14. At all relevant times herein, Plaintiff was supervised by Shaylynn Lattie (Program Director – hereinafter "Lattie") and Quinton Mosley (Sr. Director – hereinafter "Mosley").

15. Despite being a gay male, Plaintiff didn't discuss his sexual orientation at work in any public manner and he was always a consummate professional in the workplace with a stellar 5-plus year work history.

16. For example, Plaintiff was not subject to a history of progressive discipline and was nominated for the Maggie Award on several occasions. According to Defendant's website: the Maggie Award "recognizes Bancroft employees who emulate Margaret Bancroft by representing the best of what Bancroft stands for.  Maggie winners are our shining stars, and no one understands how deserving they are of this award than those we serve and their families."

17. Towards the end of Plaintiff's employment with Defendant (starting in or about August of 2021), another Program Manager, Drex Pender (hereinafter "Pender") began treating Plaintiff in an extremely rude manner and repeatedly commented that Plaintiff was having sex with another male in the workplace to the point of complete harassment, wherein management began questioning Plaintiff about these allegations.

18. Therefore, in or about September of 2021, Plaintiff complained to Human Resources Business ("HR") Partner, Jill Koerner (hereinafter "Koerner") of discrimination based on his sexual orientation.

19. In response to Plaintiff's aforesaid complaints of harassment and discrimination, Koerner was very dismissive and did not properly investigate or remedy Plaintiff's concerns.

20. Thereafter, Plaintiff was subjected to further discrimination and retaliatory harassment by Pender, including but not limited to making Plaintiff feel extremely uncomfortable at work to the point he had to have a coworker accompany him while doing his rounds and/or avoiding any possible interaction with Pender.

21. In addition to the foregoing, in or about October of 2021, Pender posted discriminatory comments on his Facebook page regarding masculinity – specifically stating "When did men become so sensitive? If i crack on a woman, she laughs and bust back. A man? Oh we fighting, shot, or back in HR."

22. In response to other individual's comments on Pender's aforesaid Facebook post, Pender also wrote "it's crazy. Nowadays you can't say nothing without grown men crying," " . . . but since when do men hold grudges? It's just not in me." When someone wrote a comment in response to Pender's post stating "Not HR," Pender responded "they be like 'it has come to our attention that you said . . . [with laughing emojis.]"

23. The aforesaid Facebook posts were clearly about Plaintiff (as Pender specifically mentioned that the person he was referring to went to "HR") and were shown to Plaintiff by another co-worker.

24. After reviewing Pender's aforesaid Facebook posts, Plaintiff again complained to Respondent's management that he was being subjected to discrimination and specifically

4

forwarded the Facebook posts to Respondent's management, including Mosley, Lattie, and Koerner.

25. On or about November 15, 2021, Plaintiff met with Darren Blough (Senior Vice President of Defendant's Lakeside location – hereinafter "Blough") and William Laverty (Director of HR – hereinafter "Laverty") and reported the ongoing harassment that he was being subjected to by Pender on account of his sexual orientation and/or gender (wherein Pender was harassing him because he did not conform to typical male gender stereotypes as evidenced in Pender's Facebook posts).

26. Despite clearly complaining of gender and sexual orientation discrimination to Respondent's management and HR personnel in October of 2021 and November of 2021, Plaintiff's complaints were again never properly investigated or resolved and instead, Plaintiff was terminated on November 17, 2021 for an incident that occurred on November 7, 2021.

27. On or about November 7, 2021, another employee entered Plaintiff's car and refused to exit (following a workday). Therefore, Plaintiff threatened to dial 911 on his cellular phone. While Plaintiff started to dial 911, he thought he cancelled the call before it processed (because the person decided to exit his car upon making the threat to call 911).

28. Plaintiff later learned that a police officer showed up at his work location on November 7, 2021 after he left work for the day, ensured there was no problem, and left. Nothing came of Plaintiff's accidental call to 911, and Plaintiff did not even know the officer showed up to his work location.

29. On or about November 10, 2021, Mosley, Koerner and Lattie met with Plaintiff to discuss the aforesaid incident on November 7, 2021.

30. Seven days after his meeting with Mosely, Koerner and Lattie and two days after his meeting with Blough and Laverty, Plaintiff was pretextually terminated for the aforesaid

incident that occurred on November 7, 2021 – while the employee who refused to exit his vehicle was given some type of written warning (even though he admitted to Koerner and Lattie that he was in the wrong and caused the incident).

31. Plaintiff believes and avers that he was subjected to a hostile work environment and terminated because of his gender, sexual orientation and in retaliation for engaging in protected activity under Title VII and the NJ LAD.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Gender and Gender Stereotyping Discrimination; [2] Sexual Orientation Discrimination; [3] Hostile Work Environment (Gender and Sexual Orientation); and [4] Retaliation)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory comments because of his gender (*i.e.* because he did not conform to typical male gender stereotypes) and/or sexual orientation (discussed *supra*).

34. Defendant's conduct was ongoing and unwelcome to Plaintiff.

35. Defendant's discriminatory and harassing conduct of Plaintiff occurred repeatedly during at least the last approximate 3 months of his employment with Defendant.

36. Plaintiff complained about Defendant's discriminatory and harassing conduct on several occasions, but Defendant failed to remedy it and, as a result, it continued.

37. Plaintiff was then terminated on November 17, 2021 for completely pretextual reasons (only two days after he again engaged in protected activity under Title VII).

38. Plaintiff believes and therefore avers that his sexual orientation and/or gender (*i.e.* because he did not conform to typical male gender stereotypes) was a motivating or determinative factor in Defendant's decision to terminate his employment.

39. Plaintiff also believes and therefore avers that he was terminated because of his complaints of sexual orientation discrimination and/or gender stereotyping discrimination.

40. Defendant's actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of Title VII.

**COUNT II**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**([1] Gender and Gender Stereotyping Discrimination; [2] Sexual Orientation Discrimination; [3] Hostile Work Environment (Gender and Sexual Orientation); and [4] Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory comments because of his gender (*i.e.* because he did not conform to typical male gender stereotypes) and/or sexual orientation (discussed *supra*).

43. Defendant's conduct was ongoing and unwelcome to Plaintiff.

44. Defendant's discriminatory and harassing conduct of Plaintiff occurred repeatedly during at least the last approximate 3 months of his employment with Defendant.

45. Plaintiff complained about Defendant's discriminatory and harassing conduct on several occasions, but Defendant failed to remedy it and, as a result, it continued.

46. Plaintiff was then terminated on November 17, 2021 for completely pretextual reasons (only two days after he again engaged in protected activity under the NJ LAD).

47. Plaintiff believes and therefore avers that his sexual orientation and/or gender (*i.e.* because he did not conform to typical male gender stereotypes) was a motivating or determinative factor in Defendant's decision to terminate his employment.

48. Plaintiff also believes and therefore avers that he was terminated because of his complaints of sexual orientation discrimination and/or gender stereotyping discrimination.

49. Defendant's actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                                                    Respectfully submitted,

                                                    **KARPF, KARPF & CERUTTI, P.C.**

By:        /s/ Ari R. Karpf               
                                                    Ari R. Karpf, Esq.
                                                    3331 Street Rd.
                                                    Two Greenwood Square, Suite 128
                                                    Bensalem, PA 19020
                                                    (215) 639-0801
                                                    Attorney for Plaintiff

Dated:  March 8, 2022